**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL QUALIZZA, et al., ) <br> ) <br> Defendants and ) <br> Counterclaimants, ) <br> ) <br> and ) <br> ) <br> DFQ MANAGEMENT LLC, and ) <br> 1501 WASHINGTON ST. LOUIS, LLC, ) <br> ) <br> Counterclaimants, ) <br> ) <br> v. ) <br> ) <br> U.S. BANCORP COMMUNITY ) <br> DEVELOPMENT CORPORATION, and ) <br> U.S. BANK, NATIONAL ASSOCIATION, ) <br> ) <br> Counterclaim Defendants. ) <br> ) | Case No. 4:21-cv-120-NAB |

**ORDER**

This matter is before the Court on two motions, Counterclaimants Neil D. Freeman's, Timothy Dixon's, DFQ Management LLC's and 1501 Washington St. Louis, LLC's (collectively "the Developers") Motion to Provisionally File an Exhibit Under Seal (Doc. 74) and U.S. Bank, National Association and U.S. Bancorp Community Development Corporation's (collectively "U.S. Bank") Motion for Continued Sealing (Doc. 80). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 27). Because I find that the document at issue can be redacted, the Court will deny the motions.

U.S. Bank argues that the material should remain sealed because it involves confidential employee information, and that protecting the confidential employee information outweighs any public interest in the document. U.S. Bank also argues that the material cannot be easily redacted.

Local Rule 13.05, United States District Court for the Eastern District of Missouri, governs the procedure for the sealing of materials filed in civil and criminal cases.  Pursuant to the Local Rule, a party who files materials under seal should also file public versions with the confidential information redacted or a memorandum explaining the failure or inability to file a redacted version of the material at issue. ED. Mo. L. R. 13.05(c).

"There is a common-law right of access to judicial records" but the right is not absolute. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). Courts must decide whether there are "sufficient grounds to override the common-law right of access and to justify" sealing judicial records. *Id.* at 1223.

After reviewing the document at issue here, the Court does not find that the "confidential information [is] so embedded . . . that line-by-line redaction is impossible." *IDT Corp*, 709 F.3d at 1224. U.S. Bank is correct that materials deemed "confidential" by the parties may be relevant to, but not dispositive of, whether the material will be sealed when filed with the Court. ED. Mo. L. R. 13.05(A)(3). However, the Court finds that the material can be easily redacted so as to not violate any individual's confidential employment information while also keeping in mind the public's right to access judicial records. U.S. Bank can simply redact the names on the material and any other identifying information. Doing so will not be burdensome as the material at issue is a single page. Even with these minor redactions, the material would be intelligible.

Accordingly,

**IT IS HEREBY ORDERED** that U.S. Bank, National Association and U.S. Bancorp Community Development Corporation's Motion for Continued Sealing (Doc. 80) is **DENIED**. The parties shall have fourteen days after the date of this Order to redact "Exhibit A" and file the redacted version with the Court.

**IT IS FURTHER ORDERED** that Counterclaimants Neil D. Freeman's, Timothy Dixon's, DFQ Management LLC's and 1501 Washington St. Louis, LLC's Motion to Provisionally File an Exhibit Under Seal (Doc. 74) is **DENIED as moot.**

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of October, 2022.